IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSH FOLEY                                                                    PLAINTIFF
ADC #177695

v.                           No: 3:21-cv-00190-BSM-PSH

MARJORIE HALL, *et al.*                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Josh Foley filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 13, 2021, while incarcerated at the Arkansas Division of Corrections' (ADC) North Central Unit (Doc. No. 2). The Court granted Foley's application to proceed *in forma pauperis* and directed him to amend his complaint to describe the involvement of each defendant, his serious medical needs, why he believes they were

not treated appropriately, and how he was injured as a result (Doc. No. 3). Foley was informed that ***only claims properly set out in his amended complaint*** would be allowed to proceed. *Id.* Foley has since filed an amended complaint (Doc. No. 4). For the reasons stated herein, Foley's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se*

plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Foley identifies Hall and Hatman as defendants. However, he makes no mention of either, by name or position, in his statement of claim. Without a recitation of relevant facts regarding the involvement of these two defendants and how their actions or failure to act constituted constitutional violations, Foley cannot state a claim against them. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Accordingly, the Court recommends that Foley's claims against Hall and Hatman be dismissed without prejudice.

Foley does identify defendant Sandra L. Lake by name in his amended complaint. He specifically alleges that she "refused to listen to the diagnosis I told her about when asked"; that she refused or neglected to obtain his medical history;

and that she dismissed his health issues and issues with his legs. Doc. No. 4 at 4. In addition to the specific allegations about Lake, Foley alleges generally that "they" failed to treat or acknowledge "my physical and neurological conditions"; and that "they" neglected to obtain a pro-time test after he reported bleeding while on a blood thinner. Foley also generally alleges that he has been requested to perform unspecified physical duties that cause him pain. *Id.* at 5.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Foley makes only general allegations against Lake in his amended complaint. He fails to identify when and for what reason he was seen or treated by Lake, what diagnosis he reported to her, what medical history Lake should have obtained, and

what health issues and issues with his legs he reported. The facts asserted against Lake are conclusory and do not allege a serious medical need that Lake knew of but deliberately disregarded. Accordingly, Foley's claims against Lake should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Similarly, Foley's claims that "they" failed to treat or acknowledge "my physical and neurological conditions"; and that "they" neglected to obtain a pro-time test after he reported bleeding while on a blood thinner also fail to state a claim. He does not identify who "they" are, when "they" failed to treat or acknowledge his conditions, what physical and neurological conditions were not treated or acknowledged, and when "they" neglected to obtain a pro-time test. The facts Foley asserts against unnamed individuals identified as "they" are vague, conclusory, and do not allege a serious medical need that "they" knew of but deliberately disregarded. Accordingly, these claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Finally, Foley's claim that he has been requested to perform unspecified physical duties that cause him pain fail to state a claim. He does not identify what individual or individuals made such requests of him, when such requests were made, or what physical duties were requested. These vague and conclusory allegations do

not state a claim of a constitutional violation and they should be dismissed without prejudice for that reason.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Foley's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 19th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE